UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

PAUL BROWN,

                       Plaintiff,

-against-

NEW YORK CITY DEPARTMENT OF CORRECTIONS,

                       Defendant.

**ORDER OF SERVICE**

21 Civ. 4632 (PGG)

PAUL G. GARDEPHE, United States District Judge:

        Plaintiff, who is currently incarcerated in Ulster Correctional Facility, brings this pro se action under 42 U.S.C. § 1983, alleging that Defendant was deliberately indifferent to his risk of contracting COVID-19 when he was detained in the Anna M. Kross Center on Rikers Island. By order dated June 11, 2021, the Court granted Plaintiff's request to proceed without prepayment of fees, that is, in forma pauperis.[1] (See Dkt. No. 6)

## LEGAL STANDARDS

        The Court must dismiss a complaint, or portion thereof, that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b); see Abbas v. Dixon, 480 F.3d 636, 639 (2d Cir. 2007). The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction. See Fed. R. Civ. P. 12(h)(3). While the law mandates dismissal on any of these grounds, the Court is obliged to construe pro se pleadings liberally, Harris v. Mills, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims]

---

[1] Prisoners are not exempt from paying the full filing fee even when they have been granted permission to proceed in forma pauperis. See 28 U.S.C. § 1915(b)(1).

that they suggest." Triestman v. Fed. Bureau of Prisons, 470 F.3d 471, 474 (2d Cir. 2006) (citations omitted).

## DISCUSSION

### A.  Claims against New York City Department of Correction

Plaintiff's claims against the New York City Department of Correction must be dismissed because an agency of the City of New York is not an entity that can be sued. N.Y. City Charter ch. 17, § 396 ("[A]ll actions and proceedings for the recovery of penalties for the violation of any law shall be brought in the name of the city of New York and not in that of any agency, except where otherwise provided by law."); Jenkins v. City of New York, 478 F.3d 76, 93 n.19 (2d Cir. 2007); see also Emerson v. City of New York, 740 F. Supp. 2d 385, 396 (S.D.N.Y. 2010) ("[A] plaintiff is generally prohibited from suing a municipal agency.").[2]

In light of Plaintiff's pro se status and clear intention to assert claims against the City of New York, the Court construes the complaint as asserting claims against the City of New York, and directs the Clerk of Court to amend the caption of this action to replace the New York City Department of Correction with the City of New York. See Fed. R. Civ. P. 21.  This amendment is without prejudice to any defenses the City of New York may wish to assert.

---

[2]  Moreover, any claims Plaintiff seeks to assert against Rikers Island must be dismissed because a jail facility is not a "person" within the meaning of § 1983. See Will v. Mich. Dep't of State Police, 491 U.S. 58 (1989) (state is not a "person" for the purpose of § 1983 claims); Zuckerman v. Appellate Div., Second Dep't Supreme Court, 421 F.2d 625, 626 (2d Cir. 1970) (court not a "person" within the meaning of 42 U.S.C. § 1983); see, e.g., Whitley v. Westchester Cnty. Corr. Fac. Admin., No. 97-CV-420 (SS), 1997 WL 659100, at *7 (S.D.N.Y. Oct. 22, 1997) (correctional facility or jail not a "person" within the meaning of § 1983).

  **B.**  <u>**Waiver of Service**</u>

    The Clerk of Court is directed to notify the New York City Department of Correction and the New York City Law Department of this order. The Court requests that the City of New York waive service of summons.

  **C.**  <u>**Plaintiff's Request for Counsel**</u>

    Plaintiff requests that the Court assign him <u>pro</u> <u>bono</u> counsel. (Dkt. No. 2) The factors to be considered in ruling on an indigent litigant's request for counsel include the merits of the case, Plaintiff's efforts to obtain a lawyer, and Plaintiff's ability to gather the facts and present the case if unassisted by counsel. See <u>Cooper v. A. Sargenti Co.</u>, 877 F.2d 170, 172 (2d Cir. 1989); <u>Hodge v. Police Officers</u>, 802 F.2d 58, 60-62 (2d Cir. 1986). Of these, the merits are "[t]he factor which command[s] the most attention." <u>Cooper</u>, 877 F.2d at 172. Because it is too early in the proceedings for the Court to assess the merits of the action, Plaintiff's motion for counsel (Dkt. No. 2) is denied without prejudice to renewal at a later date.

### **CONCLUSION**

    The Clerk of Court is directed to mail a copy of this order to Plaintiff, together with an information package, and note service on the docket.

    The Court dismisses Plaintiff's claims against the New York City Department of Correction. <u>See</u> 28 U.S.C. § 1915(e)(2)(B)(ii). The Clerk of Court is directed to add the City of New York as a Defendant under Fed. R. Civ. P. 21.

    The Clerk of Court is further directed to electronically notify the New York City Department of Correction and the New York City Law Department of this order. The Court requests that Defendant City of New York waive service of summons.

The Court denies Plaintiff's application for the Court to request pro bono counsel (ECF 2) without prejudice to renewal at a later date.

SO ORDERED.

Dated:   New York, New York
         June 16, 2021

_____
PAUL G. GARDEPHE
United States District Judge

4