UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| PAUL BROWN,<br><br>                    Plaintiff,<br><br>    -v-<br><br>CITY OF NEW YORK,<br><br>                    Defendant. | CIVIL ACTION NO.: 21 Civ. 4632 (PGG) (SLC)<br><br>**ORDER** |

**SARAH L. CAVE,** United States Magistrate Judge:

## I. INTRODUCTION

Before the Court are two requests by Plaintiff pro se Paul Brown: (i) a renewed application for the appointment of pro bono counsel (ECF No. 13 (the "Renewed Application")); and (ii) a motion to compel defendant the City of New York (the "City") to produce the "COVID sheets" and certain "login books" and videos from the Anna M. Kross Center ("AMKC") on Rikers Island. (ECF No. 12 (the "Motion")). For the reasons below, the Renewed Application and the Motion are both DENIED WITHOUT PREJUDICE.

## II. BACKGROUND

### A. Factual Background

Mr. Brown is a prisoner at the Orleans Correctional Facility. (ECF No. 14). He brought this action under 42 U.S.C. § 1983, alleging that the City was deliberately indifferent to his risk of contracting COVID-19 while he was detained at AMKC. (ECF No. 1 (the "Complaint") at 4–5). Specifically, Mr. Brown claims that AMKC staff failed to: (i) enforce social distancing; (ii) provide COVID-19 testing; (iii) distribute personal protective equipment ("PPE") to inmates; or (iv) observe the detainee occupancy limits of 25–30 people (with the number of detainees housed in

his "area" reaching 43 people). (Id. at 4). As an "asthmatic," Mr. Brown claims that he was particularly "at risk." (Id.) In the Motion, Mr. Brown further alleges that he and his fellow inmates were kept in close proximity, "being forced to be 1ft [] apart by captains and security teams with threats of movement to housing units more violent with the same conditions." (ECF No. 12-1 at 1). He seeks $10 million in damages for "the blatant disregard of [his] human rights during a pandemic." (ECF Nos. 1 at 5).

### B. Procedural Background

On May 21, 2021, Mr. Brown commenced this action against the New York City Department of Corrections (the "DOC"). (ECF No. 1). That same day, he filed his first application for the appointment of pro bono counsel (the "First Application"). (ECF No. 2). On June 10, 2021, Mr. Brown filed a request to proceed in forma pauperis ("IFP"), which the Honorable Laura Taylor Swain granted on June 11, 2021. (ECF Nos. 4, 6). On June 17, 2021, the Honorable Paul G. Gardephe[1] issued an Order of Service that: (i) dismissed Mr. Brown's claims against the DOC; (ii) construed the Complaint as asserting claims against the City; (iii) directed the Clerk of Court to amend the caption to replace the DOC with the City; and (iv) requested that the City waive service of summons. (ECF No. 8 at 2–3). Judge Gardephe also denied without prejudice the First Application, concluding that it was "too early in the proceedings for the Court to assess the merits of the action[.]" (ECF No. 8 at 3).

On July 15, 2021, the City waived service. (ECF No. 11). That same day, Mr. Brown filed the Renewed Application and the Motion. (ECF Nos. 12, 13). In Motion, he seeks for an order

---

[1] On June 15, 2021, this case was reassigned from Chief Judge Swain to Judge Gardephe. (See ECF minute entry, June 15, 2021).

compelling the City to produce: "the COVID sheets," "login books of the deputies and captions they lied in," and "videos from AMKC Rikers Island West 19 Upper-B." (ECF No. 12 at 1). In the Renewed Application, Mr. Brown explains that he has "little to no knowledge on how to proceed without counsel." (ECF No. 13 at 1). Regarding his prior efforts to find an attorney, Mr. Brown states that: (i) he is "assigned to work detail from 5am – 8am[;] (ii) the "phone cannot be used until 3[:]30pm because of inmate programming[;]" (iii) "after [the] programs the phones are all taken past business hours[;]" and (iv) he "need[s] money to call out." (Id. at 2).

On September 13, 2021, the City filed its answer to the Complaint. (ECF No. 16). The City has not opposed or otherwise responded to the Motion.

### III. LEGAL STANDARDS

**A. Applications for Pro Bono Counsel**

Pursuant to Supreme Court and Second Circuit precedent, the Court must liberally construe pro se pleadings. Erickson v. Pardus, 551 U.S. 89, 94 (2007); Harris v. Mills, 572 F.3d 66, 72 (2d Cir. 2009); Triestman v. Fed. Bureau of Prisons, 470 F.3d 471, 474–75 (2d Cir. 2006).

Litigants unable to pay for counsel do not have a constitutional right to counsel in civil actions. Davila v. Doar, No. 07 Civ. 5767, 2008 WL 4695004, at *2 (S.D.N.Y. Oct. 22, 2008). Even if a court does believe that a litigant should have free counsel, under the IFP statute, a court has no authority to "appoint" counsel, but instead may only "request" that an attorney volunteer to represent a litigant. Mallard v. U.S. Dist. Ct. for the S. Dist. of Iowa, 490 U.S. 296, 301–310 (1989); 28 U.S.C. § 1915(e)(1); 28 U.S.C.A. § 1915 ("The court may request an attorney to represent any person unable to afford counsel.") (emphasis added).

Moreover, for the good of the public and because courts do not have funds to pay counsel in civil matters, courts must request the services of pro bono counsel sparingly and preserve the "precious commodity" of volunteer-lawyer time for those litigants whose causes are truly deserving. Cooper v. A. Sargenti Co., 877 F.2d 170, 172–73 (2d Cir. 1989). The Court may grant pro bono counsel to a person who cannot afford one if his or her "'position seems likely to be one of substance.'" Id. (quoting Hendricks v. Coughlin, 114 F.3d 390, 392 (2d Cir. 1997)).

The Court must consider "the merits of plaintiff's case, the plaintiff's ability to pay for private counsel, [plaintiff's] efforts to obtain a lawyer, the availability of counsel, and the plaintiff's ability to gather the facts and deal with the issues if unassisted by counsel." Cooper, 877 F.2d at 172 (2d Cir. 1989); see Hodge v. Police Officers, 802 F.2d 58, 60–62 (2d Cir. 1986) (noting that the Court should consider the litigant's ability to investigate the facts, need for cross-examination, complexity of the issues, and any special reason why appointment of counsel would more likely lead to a just determination). Of these, "[t]he factor which command[s] the most attention [is] . . . the merits." Cooper, 877 F.2d at 172. As noted fifteen years ago by Second Circuit:

> Courts do not perform a useful service if they appoint a volunteer lawyer to a case which a private lawyer would not take if it were brought to his or her attention. Nor do courts perform a socially justified function when they request the services of a volunteer lawyer for a meritless case that no lawyer would take were the plaintiff not indigent.

Cooper, 877 F.2d at 174. Accordingly, the Second Circuit has stated that "counsel is often unwarranted where the [pro se litigant's] chances of success are extremely slim, and advised that a district judge should determine whether the pro se litigant's position seems likely to be of substance, or showed some chance of success." Ferrelli v. River Manor Health Care Ctr., 323 F.3d

4

196, 204 (2d Cir. 2003) (internal citation omitted).  It is important that "[pro se] litigants seeking appointed counsel [] first pass the test of likely merit."  (Id.) (internal citation omitted).  Although the Court should not appoint counsel "indiscriminately," a plaintiff need not demonstrate that her claims would survive a motion to dismiss or for summary judgment, but need only satisfy a "threshold showing of merit."  Hendricks, 114 F.3d at 393–94.

### B. Motions to Compel Discovery

Before a plaintiff may seek judicial intervention in aid of discovery, "(1) Defendants must answer the complaint, (2) the parties must confer on a discovery plan, (3) Plaintiff must serve written discovery demands on Defendants, and (4) the parties must make good-faith efforts to resolve any discovery disputes that may arise."  Rajapakse v. Shaw, No. 20 Civ. 10473, 2021 WL 965326, *2 (S.D.N.Y. Mar. 15, 2021); see Fed. R. Civ. P. 26(d) (setting forth the "Timing and Sequence of Discovery" and providing that, with limited exceptions, "[a] party may not seek discovery from any source before the parties have conferred as required by Rule 26(f)"); Fed. R. Civ. P. 37(a)(1) (providing that a party may not seek an order compelling discovery unless it "has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action."); Local Civil Rule 37.2 (setting forth the proper method of raising discovery disputes in this District).

## IV.   DISCUSSION

### A. The Renewed Application

Based on Chief Judge Swain's grant of Mr. Brown's IFP application, the Court concludes that Mr. Brown is unable to pay for private counsel.  (ECF No. 6).  The Court also credits Mr. Brown's claim that he lacks knowledge of how to proceed with his case.  (ECF No. 13 at 1).

The Court cannot, however, conclude that Mr. Brown has made the efforts necessary to demonstrate that he is "unable to obtain counsel." Hodge, 802 F.2d at 61. While the Court is sympathetic to the apparent difficulties he faces in accessing a telephone, Mr. Brown makes no mention of any specific attempts he has made to retain counsel on his own. (ECF No. 13 at 2). As a result, he has not yet demonstrated the efforts necessary to justify the Court seeking out a volunteer attorney on his behalf. See McCray v. Lee, No. 16 Civ. 1730 (KMK), 2020 WL 4229907, at *3 (S.D.N.Y. July 23, 2020) ("Plaintiff mentions no efforts whatsoever to obtain counsel. This failure . . . is determinative.") (internal citation omitted).

Even if Mr. Brown had shown that he was unsuccessful in locating counsel on his own, the Court cannot conclude at this early stage of the case that he has met the merits threshold or that this case presents particularly complex issues requiring the appointment of pro bono counsel. Mr. Brown alleges that the City was deliberately indifferent to his risk of contracting COVID-19 while he was detained at AMKC. (ECF No. 1 at 4–5). Prison conditions can constitute "cruel and unusual punishment" under the Eighth Amendment to the U.S. Constitution if prison officials exhibit "deliberate indifference to a substantial risk of serious harm to a prisoner." Farmer v. Brennan, 511 U.S. 825, 836 (1994). A "claim for deliberate indifference to serious medical needs is considered under a two-prong analysis." Mann v. Daniels, No. 10 Civ. 7540 (PKC) (THK), 2011 WL 2421285, at *3 (S.D.N.Y. June 9, 2011) (citing Farmer, 511 U.S. at 834). "First, the alleged deprivation of medical care must be, 'objectively, sufficiently serious.'" Id. (quoting Farmer, 511 U.S. at 834) (internal citation omitted). "[T]wo inquiries determine whether a deprivation is objectively serious." Hall v. Dep't of Corr. Med. Dep't, No. 18 Civ. 6892 (NSR), 2021 WL 2894646, at *4 (S.D.N.Y. July 8, 2021). "The first inquiry is whether the prisoner was actually deprived of

adequate medical care." Salahuddin v. Goord, 467 F.3d 263, 279 (2d Cir. 2006).  "Second, the objective test asks whether the inadequacy in medical care is sufficiently serious." Id. at 280. "The Supreme Court has made clear that whether a particular danger poses a substantial risk of serious harm in a prison must be evaluated in light of the steps that the facility has already taken to mitigate the danger." Harper v. Cuomo, No. 21 Civ. 19 (LEK) (ML), 2021 WL 1821362, at *8 (N.D.N.Y. Mar. 1, 2021) (citing Helling v. McKinney, 509 U.S. 25, 35–36 (1993)).  "The second requirement for an Eighth Amendment violation is subjective: the charged official must act with a sufficiently culpable state of mind." Salahuddin, 467 F.3d at 279.

Neither the Complaint nor the Application demonstrate the "threshold showing of merit" for Mr. Brown's deliberate indifference claim. Hendricks, 114 F.3d at 393–94.  The Court notes that Mr. Brown filed the Renewed Application less than a month after Judge Gardephe denied the First Application and before the City had appeared in the case.  (ECF Nos. 8, 13, 15).  The Court concludes that it is still "too early in the proceedings . . . to assess the merits of the action" or whether the appointment of counsel is otherwise warranted.  (ECF No. 8 at 3).  Accordingly, the Court denies Mr. Brown's Renewed Application.  Mr. Brown may renew his request for the appointment of pro bono counsel if he can demonstrate that he has attempted to find counsel on his own and when the Court is better able to determine whether his claims are likely to be of substance.

Mr. Brown is advised that he may seek assistance from the New York Legal Assistance Group ("NYLAG").  Additional information can be found online at nylag.org/pro-se-clinic; by calling 212-659-6190; or by emailing info@nylag.org.  In addition, the United States District Court for the Southern District of New York has a Pro Se Intake Unit with information to assist

individuals who are representing themselves in the Southern District without the assistance of an attorney. Additional information can be found online at nysd.uscourts.gov/prose or by calling at 212-805-0175.

### B. The Motion

The Court concludes that Mr. Brown's Motion to compel discovery is also premature. As discussed above, before Mr. Brown may seek judicial intervention in aid of discovery, the parties must confer on a discovery plan, Mr. Brown must serve written discovery demands, and the parties must make good-faith efforts to resolve any disputes that may arise. Rajapakse, 2021 WL 965326 at *2. To date, it appears that none of these steps have been taken. Accordingly, the Court denies Mr. Brown's Motion as premature and without prejudice to renewal at the appropriate time, when Mr. Brown may be entitled to the discovery he seeks. By separate order, the Court will schedule an initial case management conference to set a discovery schedule.

### V. CONCLUSION

For the reasons stated above, the Renewed Application and the Motion are both DENIED WITHOUT PREJUDICE. The Clerk of Court is respectfully directed to close ECF Nos. 12 and 13, and to mail a copy of this Order to Plaintiff at the address below.

Dated:   New York, New York  
         October 5, 2021

SO ORDERED.

_____  
**SARAH L. CAVE**  
**United States Magistrate Judge**

Mail to:  
Paul Brown  
DIN: 21R0239  
NYSID: 01566457Z  
Orleans Correctional Facility  
3531 Gaines Basin Road  
Albion, NY 14411-9199